IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE MASTROSAVVAS, et al., | ) | CASE NO. 1:10 CV 2551 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendant . | ) | |

This matter is before the Court on Plaintiffs' Motion to Remand. (ECF #4). For the reasons that follow, Plaintiff's Motion to is denied.

**PROCEDURAL BACKGROUND**

Plaintiffs Irene Mastrosavvas and her husband, John Mastrosavvas, filed this action against Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., (collectively "Wal-Mart"), Frank Huczel and John Doe in the Court of Common Pleas for Cuyahoga County, Ohio on October 1, 2010. In the Complaint, Mrs. Mastrosavvas alleges that an unknown employee of Wal-Mart ("John Doe") carelessly or recklessly handled a shopping cart causing it to strike Mrs. Mastrosavvas causing her injury. (Complaint, ¶¶10,14) Plaintiffs also allege that Wal-Mart and Frank Huczel were negligent in the hiring, training and supervision of John Doe, and further, that as agents and employees of Wal-Mart, the negligence, carelessness and/or recklessness of Frank Huczel and John Doe are attributable to Wal-Mart. (Complaint, ¶¶ 11-12) Based upon these factual allegations, Plaintiffs assert claims of negligence against Defendants and Mr. Mastrosavvas asserts a loss of consortium claim.

Defendants removed this action to this Court on November 8, 2010 on the grounds that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) if the citizenship of Frank Huczel is ignored as being fraudulently joined and if the citizenship of the fictitious defendant John Doe is disregarded. Plaintiffs have filed a Motion to Remand this action to state court. (ECF #4).

## DISCUSSION

In order for this Court to have diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000 and be between citizens of different states.[1] Moreover, the plaintiff's citizenship must be diverse from that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As plaintiffs and defendant Frank Huczel are citizens of Ohio, diversity jurisdiction does not exist unless the citizenship of Mr. Huczel is disregarded. Wal-Mart asserts that Mr. Huczel was fraudulently joined in this action by Plaintiff in order to defeat diversity jurisdiction.[2]

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private health*

---

[1] After Plaintiffs declined to sign an affidavit stating that their claims did not exceed $75,000, Defendants determined to remove the action.

[2] Defendant John Doe, the unknown Wal-Mart employee who allegedly caused Plaintiff to be struck with a cart, is alleged to be a resident of Ohio. However, because the Doe defendant is sued under a fictitious name, his citizenship is disregarded for purposes of 28 U.S.C. § 1441. See 28 U.S.C. § 1441(a); *Derungs v. Wal-Mart Stores, Inc*., 141 F.Supp.2d 884, 886 (S.D. Ohio 2000). Accordingly, until the John Doe employee is identified, his citizenship will be disregarded.

*Care Systems, Inc.*, 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

The burden is on the removing defendant to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. The Sixth Circuit has instructed trial courts to analyze claims of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Moreover, the plaintiff's *motive* in joining a non-diverse defendant "is immaterial to [the] determination regarding

3

fraudulent joinder." *Jerome-Duncan Ind. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999); *see also Harris v. Great Lakes Steel Corp.,* 752 F.Supp. 244, 246 n. 4 (E.D.Mich.1990) ("[t]he proper inquiry is whether there is any reasonable basis for asserting a claim against a defendant, not whether the plaintiff's motive in joining a defendant is to destroy diversity"). Similarly, whether the plaintiffs will ultimately recover against the removing defendants is also immaterial.

Walmart argues that Plaintiffs have no viable claim against Mr. Huczel as Ohio law does not support a claim of negligent hiring, supervision and retention of John Doe against Mr. Huczel as the manager of Wal-Mart on the date of the incident. Both sides agree on the general elements necessary to recover under a theory of negligent hiring, supervision and retention. The first element is proof of the existence of an employment relationship. *See Steppe v. Kmart, 136 Ohio App.3d 454,466 (8th Dist. 1999); Lehrner v. Safeco Ins./American States Ins. Co.*, 2nd Dist., 2007 Ohio 795 at ¶42 (Feb. 23, 2007). As Defendants correctly assert, there is no employment relationship between Mr. Huczel and John Doe. Plaintiffs allege that Mr. Huczel was the agent and/or employee of Wal-Mart at the time of the incident. (Complaint, ¶5) Plaintiffs further alleged that Wal-Mart and Mr. Huczel were negligent in the hiring, training and supervision of John Doe and that as agents and employees of Wal-Mart, Mr. Huczel's and John Doe's negligence and/or recklessness is attributable to Wal-Mart. (Complaint, ¶¶ 11-12). While Plaintiffs claim in their motion to remand that Mr. Huczel was the manager of the Wal-Mart at the time of the incident, that allegation does not appear in the Complaint. In any event, even as a manager, Mr. Huczel would not be the employer of John Doe. The employer of both John Doe and Mr. Huczel is Wal-Mart. As such, Plaintiffs can not assert a colorable claim against Mr.

4

Huczel for negligent hiring, retention or supervision under Ohio law. Accordingly, the Court finds that Mr. Huczel was fraudulently joined and will ignore his citizenship for the purposes of determining diversity jurisdiction. Unless or until the identity of the John Doe defendant is discovered, the citizenship of the Defendants is diverse from Plaintiffs and as there is no dispute that the amount in controversy exceeds $75,000, the requirements of diversity jurisdiction under 28 U.S.C. §1332 have been met.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #4) is denied.

IT IS SO ORDERED.

                                          _/s/Donald C. Nugent_
                                          JUDGE DONALD C. NUGENT

DATED:__December 27, 2010___